IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.  BRADLEY FLICKINGER, and | : CASE NO. |
| MARIANNE M. FLICKINGER, his wife | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : ASSIGNED TO THE |
| | : HONORABLE: |
| LEBANON SCHOOL DISTRICT, | : |
| MARIANNE T. BARTLEY, | : |
| PETER N. PYLES, JR., MICHAEL J. KUHN, | : |
| DEBRA L. BOWMAN, MYRA A. KITCHEN, | : |
| ROSE MARIE R. KOTAY, MARIA MELUSKY | : THIS DOCUMENT HAS BEEN |
| DISSNINGER, THOMAS L. SCHAFFER, | : ELECTRONICALLY FILED |
| ALFERD A BRANDT, JR. and, | : |
| JOHN P. SCHOTT, | : |
| | : |
| Defendants. | : |

## COMPLAINT

AND NOW, come the Plaintiffs, A. Bradley Flickinger ("FLICKINGER") and

Marianne M. Flickinger, by their attorney, Harry W. Reed, Jr., Esquire, of Buzgon Davis

Law Offices and file the within Complaint against Defendants, Lebanon School District,

Marianne T. Bartley, Peter N. Pyles, Jr., Michael J. Kuhn, Debra L. Bowman, Myra A.

Kitchen, Rose Marie R. Kotay, Maria Melusky Dissinger, Thomas L. Schaffer, John P.

Schott and Alfred A. Brandt, Jr. and aver as follows:

## SECTION I - NATURE OF THE ACTION

1.     This action is brought by Plaintiffs, Flickinger and Marianne M.

Flickinger, wherein they seek damages arising out of Defendants acting under the color

of law, state statutes and regulations subjected Flickinger to the deprivation of his rights,

privileges and immunities secured by the Federal and State Constitutions and the laws of

the Commonwealth of Pennsylvania, including but not limited to the Due Process Clause

of the Federal Constitution and Flickinger's rights as a professional employee under the

Pennsylvania School Code and the Professional Employee Tenure Act, by stigmatizing

him and illegally depriving him of his job as Middle School Principal of the Middle

School of Lebanon School District, in violation of 42 U.S.C. § 1983, 1985(3), 1986 and

1988 and the Fourteenth and Fifth amendments to the United States Constitution, and

pendent state law actions.

### SECTION II - JURISDICTION AND VENUE

2.      Jurisdiction over the subject matter of this litigation exists under 42 U.S.C.

§§ 1983, 1985(3), 1986 and 1988, and 28 U.S.C. § 1331 and  § 1343(1)(2)(3) and (4).

3.      The pendent jurisdiction of this Court is invoked to join the pendent state

statutory and common law claims.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2),

as the conduct complained of took place within this District, Plaintiffs reside in this

District and Defendant, Lebanon School District is located within this District and the

individual Defendants reside within the District.

### SECTION III - PARTIES

5.      Plaintiff, A. Bradley Flickinger (hereinafter "Flickinger"), is an adult

individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 350

Madison Court, Hummelstown, Dauphin County, Pennsylvania 17036.

6.      Plaintiff, Marianne M. Flickinger, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 350 Madison Court, Hummelstown, Dauphin County, Pennsylvania 17036.

7.      Defendant, Lebanon School District ("School District"), is a School District organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located at 1000 South Eighth Street, Lebanon, Lebanon County, Pennsylvania 17042.

8.      Defendant, Marianne T. Bartley, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 1516 Elm Street, Lebanon, Lebanon County, Pennsylvania 17042.

9.      Defendant, Peter N. Pyles, Jr., is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 124 East Locust Street, Lebanon, Lebanon County, Pennsylvania 17042.

10.     Defendant, Michael J. Kuhn, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 428 Chestnut Street, Lebanon, Lebanon County, Pennsylvania 17042

11.     Defendant, Debra L. Bowman, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 368 Oaklyn Road, Lebanon, Lebanon County, Pennsylvania 17042.

12.     Defendant, Alfred A. Brandt, Jr., is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 313 South Third Street, Lebanon, Lebanon County, Pennsylvania 17042.

13.     Defendant, Maria Melusky Dissinger, is an adult individual, sui juris, and

a citizen of the Commonwealth of Pennsylvania, residing at 1233 Walnut Street, Lebanon, Lebanon County, Pennsylvania 17042.

14.     Defendant, Myra A. Kitchen, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 1006 Walnut Street, Lebanon, Lebanon County, Pennsylvania 17042.

15.     Defendant, Rose Marie R. Kotay, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 102 East Chestnut Street, Lebanon, Lebanon County, Pennsylvania 17042.

16.     Defendant, Thomas L. Schaffer, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 612 Shirley Drive, Lebanon, Lebanon County, Pennsylvania 17042.

17.     Defendant, John P. Schott, is an adult individual, sui juris, and a citizen of the Commonwealth of Pennsylvania, residing at 325 South Tenth Street, Lebanon, Lebanon County, Pennsylvania 17042.

## SECTION IV - FACTUAL BACKGROUND

18.     On March 13, 2003, after approximately 31 years as a public school teacher and administrator in the Commonwealth of Pennsylvania, Flickinger began employment with Defendant, Lebanon School District, as Principal of the Middle School of Lebanon School District.

19.     At all times material hereto, Flickinger was a tenured professional employee, as that term is defined by the Pennsylvania School Code, and was entitled to the full rights and privileges of a professional employee under the Pennsylvania Tenure Act, 24 P.S. § 11-1101 et. sec.

20.     At all times material hereto, Flickinger supervised 1 Assistant Principal, 1 Assessment Coordinator, 56 Professional Employees, 19 support staff and approximately 980 public school students at the Lebanon Middle School of Defendant, Lebanon School District.

21.     At all times material hereto, Defendant, Marianne Bartley ("Superintendent"), was the Superintendent of Lebanon School District and was its Chief Executive Officer and was acting under the color of law, to wit, under color of the statutes, regulations, policies, customs and usages of the Commonwealth of Pennsylvania and/or the Lebanon School District.

22.     At all times material hereto, Defendants, Peter N. Pyles, Jr., Michael J. Kuhn, Thomas L. Schaffer, John P. Schott, Debra L. Bowman, Alfred A. Brandt, Jr., Maria Melusky Dissinger, Myra A. Kitchen and Rose Marie R. Kotay (hereinafter collectively "School Board"), were on the Board of School Directors of the Lebanon School District; and School Board was acting under the color of law, to wit, under color of the statutes, regulations, policies, customs and usages of the Commonwealth of Pennsylvania and/or the Lebanon School District.

23.     From the time he was hired on March 13, 2003, until his termination on September 20, 2004, Plaintiff, A. Bradley Flickinger, worked in a loyal and competent manner, consistently performing at the standards required of a Middle School Principal.

24.     During the early afternoon on Friday September 17, 2004, the Middle School Assistant Principal, Barbara Rothermel, informed Flickinger that two Middle School female students had been in a "bloody fight" and requested that Flickinger handle this incident.

25.     The two girls were separated and emergency medical treatment was administered by the Middle School medical staff to one female student, whose face had been "covered in blood" and the second female student was taken to Flickinger's office, where he took her statement and those of five witnesses who had been identified.

26.     As Flickinger was preparing to check on the medical treatment given to the female student with a face covered in blood and to question her about the fight incident, the Assistant Principal, Barbara Rothermel, informed Flickinger that there was a report that a male student was seen by two students to have a weapon and Flickinger indicated that he would assist the Assistant Principal in responding to this rumor of a weapon.

27.     At the time of the initial report of a rumor about a weapon, there was no information that the weapon was going to be used immediately, nor was the weapon displayed, nor was there a threat of use of the weapon, but merely a report that one or two students had observed the weapon in the possession of a male student.

28.     Approximately one minute later, Flickinger was in the nearby nurse's office and ascertained that the female student with a bloody face was being properly cared for, but he was then confronted by a screaming family member of the injured student and was shortly thereafter confronted by the parent of the other female student, who was also extremely angry and yelling at him, and subsequently, other family members also arrived at the Middle School.

29.     At this time, Flickinger personally believed that there was a potential for violence between the two sets of family members of the two female students who had been in the fight and he attempted to pacify these adults.

30.     Shortly thereafter, another Assistant Principal, Mary Garrett, observed Flickinger's predicament and gestured indicating that she would handle the rumor of an observation of a weapon and Flickinger assumed that she would be the initial responder to the report of a weapon sighting.

31.     Shortly thereafter, Flickinger pacified the two families sufficiently to respond to the report of a weapon sighting.

32.     Flickinger immediately went to the scene of the reported weapon violation and assisted in the locker search of the male student and escorted him to the administrative offices for questioning by police and administrators about the unloaded .22 caliber pistol and folding knife found in the search of the student.

33.     Lebanon School District's Weapons Policy authorizes any administrator to investigate reports of the possession of weapons and all administrators were equally qualified to respond.

34.     While Flickinger was preparing a written statement to be given to students to be taken home at the end of the school day concerning the weapon incident, the School District Superintendent, Marianne Bartley, walked into his office and stated, "you did not display sound judgment and I am terminating you immediately, you may turn in your keys and Nextel to the District Office on Monday".

35.     The District Superintendent never gave Flickinger an opportunity to explain what had happened.

36.     At approximately 3 p.m. on Friday September 17, 2004, the District Superintendent, Marianne Bartley, held an "emergency" faculty meeting and announced that Flickinger was guilty of willful negligence with regard to the safety of the students

and that he had been fired and Assistant Principal, Mary E. Garrett had been promoted to Middle School Principal for the Lebanon School District.

37.     At all times material hereto, prior to an actual adjudication of dismissal of Flickinger by the Lebanon School District School Board, the Superintendent, Defendant Marianne Bartley and the individual members of the Lebanon City School Board of Directors, pursuant to the Pennsylvania School Code, the Pennsylvania Sunshine Act, the Due Process clause of the United States Constitution, Article 1 Section 1 of the Pennsylvania State Constitution, and other applicable law, had a duty to maintain confidentiality concerning the allegations involved in the  personnel action of dismissal that was being considered concerning Flickinger.

38.     Over the course of the next several days, Defendant, Superintendent Marianne Bartley, issued press statements, held press conferences, was interviewed by print media, television media and radio media concerning her "firing" of Flickinger and her assertion that he willfully neglected his duty to ensure the safety of his students and her press statements, press conferences, print news media, television media and radio media interviews received the widest possible coverage, including banner headlines in the local paper and the local section of other nearby print media and were widely reported throughout the state of Pennsylvania and through an AP News Release, throughout the United States; and said conduct stigmatized Flickinger and has permanently prevented him from ever obtaining any employment as an administrator, principal or other professional employee in the public school system of Pennsylvania.

39.     At a time prior to 4:45 p.m. on Monday, September 20, 2004, Defendant, Marianne Bartley, prepared and issued a letter notifying Flickinger that he was dismissed

from his employment effective September 17, 2004; a copy of said dismissal letter being attached hereto, incorporated herein by reference and designated as Exhibit A.

40.     During the evening hours of September 20, 2004, the Board of Directors of Lebanon School District met, heard a detailed presentation of the administration's version of the events of September 17, 2004, and unanimously illegally voted to dismiss Flickinger from employment with Lebanon School District effective September 17, 2004 and gave as its reason, "for willful neglect of duty"; and Flickinger first learned that such a proceeding had occurred and its outcome through media accounts of it.

41.     On September 21, 2004, Defendant Superintendent, Marianne Bartley, acting on behalf of the School Board, sent Flickinger written notification of his dismissal from employment with Lebanon School District, effective September 17, 2004 by the Board of Directors; a copy of said September 21, 2004 notification being attached hereto, incorporated herein by reference and designated as Exhibit B.

42.     At no time prior to his alleged dismissal, was Flickinger ever given a Loudermill type of hearing affording him an opportunity for a hearing before he was deprived of his significant property interest, namely his employment with Lebanon School District, in violation of the Due Process Clause of the United States Constitution, Article 1, Section 1 of the Pennsylvania State Constitution, the provisions of Pennsylvania School Code and Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L. Ed. 2d 494 (1985).

43.     At no time prior to his dismissal was Flickinger given any opportunity to present his side of the case, nor present facts showing the inappropriateness and non-necessity of his discharge from employment, nor was he given any meaningful

opportunity to invoke the discretion of the decisionmaker before the termination took effect, in violation of the Due Process Clause of the United States Constitution, Article 1, Section 1 of the Pennsylvania State Constitution, the provisions of the Pennsylvania School Code and applicable law.

44.    Other than Defendant, Marianne Bartley's mere verbal statement to him that Flickinger "lacked sound judgment", Flickinger was never given any notice of the reasons for his dismissal or an opportunity to respond, nor an opportunity to present reasons why the action should not be taken prior to his dismissal in violation of the Due Process Clause of the United States Constitution, Article 1, Section 1 of the Pennsylvania State Constitution, the provisions of the Pennsylvania School Code and applicable law.

45.    At no time did Flickinger receive a detailed Statement of Charges, signed by the School Board President and Secretary, regarding the grounds alleged for his termination of employment, as required by the Due Process Clause of the United States Constitution, Article 1, Section 1 of the Pennsylvania State Constitution, and the Pennsylvania School Code (24 Pa. C.S.A. § 1127).

46.    At no time prior to the School Board's action on Monday night, September 20, 2004, was Flickinger advised that the School Board would be meeting to consider his dismissal, in violation of the Due Process Clause of the United States Constitution, Article 1, Section 1 of the Pennsylvania State Constitution, the provisions of the Pennsylvania Code and other applicable law.

47.    Defendant, Marianne Bartley's action in personally dismissing Flickinger from his employment violated the terms of the Pennsylvania School Code in that a Superintendent has no power to dismiss a professional employee such as Flickinger.

48.     By the conduct of the Defendants, Flickinger was deprived of his right to chose a private hearing for the determination of any disciplinary action against him, as is his right under the provisions of the Pennsylvania School Code, 24 P.S. § 11-1126.

49.     By the conduct of the Defendants, Flickinger was deprived of his right to be represented by counsel, his right to hear witnesses and evidence against him and to cross-examine said witnesses, the right to present witnesses and evidence on his own behalf and to testify on his own behalf, the right to present evidence as to whether discharge or some lesser personnel action was appropriate under the circumstances and was deprived of all other rights guaranteed to him by the United States Constitution, the Pennsylvania State constitution, the Pennsylvania School Code and other applicable law.

50.      By the conduct of the Defendants, Flickinger was deprived of his right to a stenographic record of any termination hearing or presentation of termination evidence, which could have been the basis for an appeal to the Pennsylvania Secretary of Education or to the judicial system.

51.     By the conduct of the Defendants, Flickinger has been deprived of any opportunity for a fair and impartial hearing before the Lebanon School District Board of School Directors since, without any notice to him whatsoever and without an opportunity for him to be heard, the Lebanon School District Board of School Directors met, heard a detailed presentation of the administration's version of the events of September 17, 2004, read and viewed press accounts stemming from Defendant Marianne Bartley's press releases, press conferences and press interviews, and engaged in the stigmatizing of Flickinger, without Flickinger being afforded any opportunity to respond, and Defendants' conduct has permanently prejudiced the Board of School Directors against

Flickinger and has made a fair and impartial hearing before the School Board totally impossible.

52.     Under the provisions of the Pennsylvania School Code, only those grounds set forth in 24 P.S. § 11-1122 can be grounds for dismissal of a professional employee such as Flickinger.

53.     At no time did Flickinger engage in any conduct, which would have constituted a cause for termination under the provisions of 24 P.S. § 11-1122, including but not limited to, "willful neglect of duty".

## SECTION V - CLAIMS

## COUNT ONE - SECTION 1983 ACTION

**PLAINTIFF A. BRADLEY FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT**

54.     The averments of paragraphs 1 through 53, and 68 through 73 hereof are incorporated herein by reference as if textually set forth at length.

55.     As a direct and proximate result of the aforesaid described unlawful and malicious acts of Defendants, all committed under color of their authority as a School District, District Superintendent and School Board Members in Pennsylvania, and while acting in that capacity, Flickinger suffered grievous deprivation of his rights, privileges, immunities, liberties and property rights secured by the United States Constitution and laws, in particular the Fourteenth and Fifth Amendments to the US Constitution, Article 1, Section 1 of the Pennsylvania Constitution, the Pennsylvania School Code and 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988.

56.     The Defendants conduct deprived Flickinger of his right to due process of law under the laws and Constitution of the United States, in particular the Fourteenth and Fifth Amendments thereof and Article 1, Section 1 of the Pennsylvania Constitution.

57.     As further results of the above described acts, Flickinger was deprived of the rights and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Pennsylvania including, but not limited to, his rights under the Fourteenth Amendment to not be deprived of his life, liberty or property, without due process of law.

58.     As a direct and proximate result of the aforesaid conduct, Defendants deprived Flickinger of the following clearly established and well settled Constitutional rights:

(a) Freedom from deprivation of property rights without due process of law;

(b) Freedom from deprivation of his right to privacy without due process of law;

(c) Freedom from deprivation of his right to his reputation without due process of law; and

(d) Freedom from deprivation of his liberty interest without due process of law by making negative public statements regarding his termination of employment that constituted stigmatization.

59.     Defendants subjected Flickinger to these deprivations of his rights either maliciously, or by acting with a careless disregard for whether Flickinger's rights would be violated by their actions.

60.     As a direct and proximate result of the acts and omissions of the Defendants, Flickinger suffered substantial and permanent loss of wages, loss of benefits,

loss of pension rights, loss of his professional reputation, loss of his ability to work as a

principal or administrator or as any type of professional employee in the public school

system of Pennsylvania and Flickinger was forced to endure great mental suffering and

anxiety, was deprived of his property rights in his job and was forced to incur medical

and legal expenses.

### COUNT TWO - SECTION 1985(3) ACTION FOR CONSPIRACY TO DEPRIVE PROPERTY RIGHTS PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT

61.     Paragraphs 1 through 60 and 68 through 73, hereof are incorporated herein

by reference as if textually set forth at length.

62.     At some time prior to or at the time of School Board's discussions and

vote to terminate the employment of Flickinger from Lebanon School District,

Defendants entered into an agreement to deprive Flickinger of his protected rights by

denying him due process and denying him equal protection under the laws, by depriving

him of his public employment as a professional employee without due process and by

conspiring to harm Flickinger's reputation through defamation, and by stigmatizing

Flickinger.

63.     The Defendants committed overt acts in furtherance of the conspiracy,

which overt acts included:

(a)     Acting outside the scope of her official duties as District Superintendent,

Defendant Marianne Bartley issued press releases, held press conferences, gave

interviews with print media, television media and radio media concerning her "firing" of

Flickinger and her assertion that he willfully neglected his duty to ensure the safety of his students;

      (b)     By failing to hold any <u>Loudermill</u> type hearing affording Flickinger an opportunity to present his side of the case before the termination decision was acted upon;

      (c)     By failing to issue any Statement of Charges or provide Flickinger with notice of his rights, as required by the Pennsylvania School Code;

      (d)     By conducting a proceeding and taking official action allegedly terminating Flickinger's employment with Lebanon School district during the evening of September 21, 2004 without any notice to Flickinger; and

      (e)     By depriving Flickinger of any right to contest his termination and his rights associated with any such a dismissal proceeding.

      64.     As a direct and proximate result of the aforesaid described unlawful and malicious conspiracy and actions among the Defendants, Flickinger suffered grievous deprivation of his rights, privileges, immunities, liberties and property rights secured by the United States Constitution and laws, in particular the Fourteenth and Fifth Amendments to the US Constitution, Article 1, Section 1 of the Pennsylvania State Constitution, the Pennsylvania School Code and 42 U.S.C. § 1985(3), 1986 and 1988.

      65.     As a direct and proximate result of the acts and omissions of the Defendants in this conspiracy, Flickinger was stigmatized and he suffered substantial and permanent loss of wages, loss of benefits, loss of pension rights, loss his professional reputation, loss of his ability to ever work as a principal or administrator or as any type of professional employee in the public school system of Pennsylvania and Flickinger was

forced to endure great mental suffering and anxiety, and was deprived of his property

rights in his job and was forced to incur medical and legal expenses.

## COUNT THREE - DEFAMATION
## PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANT, MARIANN BARTLEY

66.     Paragraphs 1 through 65 are incorporated herein by reference as if

textually set forth at length.

67.     At all times material hereto, Flickinger has enjoyed the esteem and

professional respect of all who knew him and of the community in general.

68.     On September 17, 2004, Defendant Superintendent, Marianne Bartley,

well knowing the truth of the matters alleged in paragraphs 24 through 35 or in reckless

disregard of the truth, and intending to injure and stigmatize Flickinger and to deprive

him of his good name and his employment as Middle School Principal, and further

intending to cause Flickinger to be  unable to ever work as a principal or administrator, or

as any type of professional employee in the public school system of Pennsylvania,

maliciously, wickedly and illegally made defamatory statements containing scandalous,

defamatory and libelous statements concerning Flickinger in his official capacity as

Middle School Principal, in the aforesaid emergency faculty meeting, and she informed

all of his subordinates that he had willfully neglected his duty as Middle School Principal

and intentionally exposed students to risk of a shooting.

69.     Defendant, Marianne Bartley, in statements made wholly outside her

performance of her duties as Superintendent, well knowing the truth, or in reckless

disregard of the truth, of the matters alleged in paragraphs 24 through 35 and intending to

injure and stigmatize Flickinger and to deprive him of his good name, and further,

intending to cause Flickinger to be removed from his position as Middle School Principal and to cause Flickinger to lose his ability to ever work as a principal or administrator or any type of professional employee in the public school system of Pennsylvania, did maliciously, wickedly and illegally make and publish numerous press releases, statements to the press and interviews to newspapers, television stations and radio stations, and , in violation of her duty of confidentiality in this personnel proceeding, she made statements containing the following scandalous, defamatory and libelous statements concerning Flickinger in his official capacity as Middle School Principal: that he had willfully neglected his duty as Middle School Principal: that he intentionally exposed students to risk of a shooting; that he had been fired in the wake of Friday's incident, when the School Board had not yet met to decide the issue of Flickinger's dismissal; that the decision to fire Flickinger did not even need the approval of the School Board, but that they were nevertheless "notified" of her firing of Flickinger; that Flickinger had not responded to the weapon incident at all; that Flickinger was not among the administrators who handled Friday's incident; that Flickinger willfully delayed the administrative response to the report of a weapon; that Flickinger did not follow through to the best of his abilities; that Flickinger willfully "delayed" the response to the weapons report; that Flickinger failed in his duty to provide for the safety of students; and that Flickinger willfully failed in his primary responsibilities as a principal to place the safety and welfare of his students as his first and foremost goal.

70.     The defamatory statements of Defendant, Marianne Bartley, were published in the two daily newspapers of Lebanon County, including a front page banner

headline story, as well as in newspapers across Pennsylvania and throughout the nation and her interviews were prominently broadcast on local radio and television stations.

71.    Flickinger avers that the statements and charges identified in paragraphs 68 and 69 are wholly false in that: he did not willfully neglect his duties; nor did he intentionally expose any of his students to risk of shooting or any unsafe risk; Flickinger did respond to the weapon incident and conducted the search of the male student's locker; Flickinger was among the administrators who handled Friday's incident; Flickinger did not willfully delay the administrative response to the report of a weapon; Flickinger did follow through to the best of his abilities; Flickinger did not willfully delay the response to the weapon report; Flickinger did not fail in his duty to provide for the safety of students; Flickinger did not willfully fail in his primary responsibility as a principal to place the safety and welfare of his students as his first and foremost goal; the District Superintendent did not have the authority to dismiss Flickinger and only the Lebanon School District's Board of Directors had such authority pursuant to the due process provisions of the Pennsylvania School Code; and Flickinger reasonably assumed that the Assistant Principal was going to make the initial response to the report of a weapon citing, until Flickinger could safely  pacify the danger of immediate violence in the situation with which he was confronted at the time of the report.

72.    At the time of the publication of the aforesaid defamation, Defendant, Marianne Bartley knew that the defamatory statements and charges identified in paragraphs 68 and 69 were false, or acted with reckless disregard and/or deliberate indifference for their truth or falsity, and said Defendant published the statements

intentionally and maliciously and as a result of said Defendant's bad motive or reckless indifferences to Flickinger's rights.

73.     As a result of the Defendant Marianne Bartley's actions, Flickinger has been brought into reproach, stigmatized and has been injured in his good name, his credit, his personal and professional reputation, and his feelings, to his great detriment and financial loss.

WHERFORE, Plaintiff, A. Bradley Flickinger claims damages from Defendant, Marianne Bartley, in an amount in excess of $100,000.00, exclusive of costs.

## COUNT FOUR - BREACH OF CONTRACT AND BREACH OF TENURE

### PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT

74.     The averments of paragraphs 1 through 73 are incorporated herein by reference as if textually set forth at length.

75.     The acts, failures to act, practices and policies of Defendant, Lebanon School District and Defendant, Marianne Bartley and the School Board Defendants, as set forth above, constitute a wrongful discharge from employment of Flickinger and are a breach of his employment contract with Lebanon School District, for which Flickinger is entitled to remuneration.

76.     The acts, failure to act, practices and policies of Defendant, Lebanon School District and Defendant, Marianne Bartley and Defendants School Board Members, as set forth above, constitute a breach of Flickinger's employment contract with Lebanon School District and a breach of his right to tenure condition of his

employment by Defendant, Lebanon School District, for which Plaintiff is entitled to remuneration.

### COUNT FIVE - INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT

77.     The averments of paragraphs 1 through 76 hereof are incorporated herein by reference as if textually set forth at length.

78.     Defendants' intentional, extreme and outrageous aforesaid conduct has caused Plaintiff, A. Bradley Flickinger, to suffer severe emotional distress and consequential physical injury.

79.     The Defendants' have negligently caused Plaintiff, A. Bradley Flickinger, to suffer severe emotional distress and consequential physical injury.

80.     By reason of the above, Flickinger has been greatly hurt and injured in his good name, reputation and profession, and has been brought into disgrace and disrepute among his neighbors and diverse other persons, who ever since the publication of Defendant, Marianne Bartley's false, scandalous and defamatory words, have brought him into public scandal and disgrace, all of which has been to his great financial loss and damage.

### COUNT SIX - INVASION OF PRIVACY - PUBLICITY PLACING PLAINTIFF IN A FALSE LIGHT AND STIGMATIZATION
### PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANT, MARIANNE BARTLEY

81.     The averments of paragraphs 1 through 80 hereof are incorporated herein by reference as if textually set forth at length.

82.     The statements, Defendant, Marianne Bartley made in the aforesaid "emergency faculty meeting", and made in numerous press releases, statements to the press, press conferences and interviews to newspapers, television stations and radio stations were false, as is set forth in more fully in paragraphs 68 through 72; and misrepresent Flickinger's character, history, activities, beliefs and professional conduct with regard to his performance of his duties as Middle School Principal of Lebanon School District.

83.     Defendant, Marianne Bartley made and publicized these statements maliciously, outrageously, in a wantant, reckless and willful way, with reckless disregard and with bad motive or reckless indifference to Flickinger's rights.

84.     Defendant, Marianne Bartley's misrepresentations would seriously offend a reasonable person in Flickinger's position.

85.     Flickinger was in good standing in the community and is generally thought of as an honest and trustworthy individual, of high moral, academic and good professional reputation as a school administrator.

86.     Defendant, Marianne Bartley's statements depict Flickinger as untrustworthy, uncaring, grossly negligent and intentionally disregarding the safety of his students in the Lebanon School District Middle School, and depict him as intentionally neglecting his duties, and were intended by Defendant, Marianne Bartley to stigmatize Flickinger and did so.

87.     The publicity Defendant, Marianne Bartley gave to these false statements, injured, harmed and damaged Plaintiff, A. Bradley Flickinger.

### COUNT SEVEN - INVASION OF PRIVACY - PUBLICITY GIVEN TO CONFIDENTIAL AND PRIVATE FACTS
### PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANT, MARIANNE BARTLEY

88.     The averments of paragraphs 1 through 87 hereof are incorporated herein by reference as if textually set forth at length.

89.     The aforesaid statements made by Defendant, Marianne Bartley, as set forth more fully in paragraphs 68 and 69 hereof, contained facts about Flickinger which were confidential under the terms and provisions of the Pennsylvania School Code, the policy of the Defendant, Lebanon School District and other applicable law.

90.     Defendant, Marianne Bartley, published the aforesaid statements in a manner in which and to so many persons that confidential private facts and allegations, were substantially certain to, and did become public knowledge.

91.     Defendant, Marianne Bartley, publicized the confidential private facts, maliciously, outrageously, in a wanton, reckless and willful way, with reckless disregard and with bad motive or reckless indifference to Flickinger's rights.

92.     The confidential private facts and allegations contained in said Defendant's statements were not already known to the public.

93.     The confidential private facts and allegations stated in Defendant, Marianne Bartley's statements were facts that, if published, a person of ordinary sensibilities would find highly offensive and would outrage or cause mental suffering, shame or humiliation and will prevent Flickinger from ever obtaining employment in the public school system.

94.     The confidential private facts and allegations that, Defendant, Marianne Bartley published caused Flickinger outrage, mental suffering, shame and humiliation and have and will prevent him from ever obtaining employment in the public school system.

95.     None of the confidential private facts and allegations should have been released absent a full and fair public hearing under the terms and provisions of the Pennsylvania School Code and a lawful adjudication of discharge, the existence of any legitimate grounds for such a discharge being specifically denied.

96.     The statements of Defendant, Marianne Bartley were intended by her to stigmatize Flickinger.

97.     The publicity Defendant, Marianne Bartley gave to these confidential facts had injured, harmed and damaged Flickinger by invading his right to privacy.

**COUNT EIGHT - CIVIL RIGHTS ACTION UNDER ARTICLE 1, SECTION 1 OF THE PENNSYLVANIA CONSTITUTION PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT**

98.     The averments of paragraphs 1 through 97 hereof are incorporated herein by reference as if textually set forth at length.

99.     As a direct and proximate result of the aforesaid described unlawful and malicious acts of Defendants, all committed under color of their authority as School District, District Superintendent and School Board members in Pennsylvania, and while acting in that capacity, Flickinger suffered grievous deprivation of his rights, privileges,

immunities, liberties and property rights secured by Article 1 Section 1 of the Pennsylvania State Constitution and he was stigmatized.

100.     The Defendants conduct deprived Flickinger of his right to Due Process of Law under the laws and Constitution of the Commonwealth of Pennsylvania, in particular, Article 1, Section 1 of the Pennsylvania Constitution.

101.     As further results of the above described acts, Flickinger was deprived of his inherent and indefeasible right to acquire, posses and protect property and reputation and of pursuing his own happiness, and under Article 1 Section 1 of the Pennsylvania Constitution, he cannot be deprived of this without due process of law.

102.     As a direct and proximate result of the aforesaid conduct, Defendants deprived Flickinger of the following clearly established and well settled Pennsylvania Constitutional rights:

(a)     The inherent rights of mankind;

(b)     Freedom from deprivation of property without due process of law; and

(c)     Freedom from deprivation of his liberty interest without due process of law by making negative public statements regarding his termination from employment that constituted stigmatization.

103.     Defendants subjected Flickinger to these deprivations of his rights either maliciously, or by acting with careless disregard for whether Flickinger's rights would be violated by their actions.

104.     As a direct and proximate result of the acts and omissions of the Defendants, Flickinger was stigmatized, suffered substantial and permanent loss of wages, loss of benefits, loss of pension rights, loss of his professional reputation, loss of

his ability to work as a Principal or Administrator or as any type of professional employee in the public school system of Pennsylvania and Flickinger was forced to endure great mental suffering and anxiety, was deprived of his property rights in his job and was forced to incur medical and legal expenses.

### COUNT NINE - LOSS OF CONSORTIUM

**PLAINTIFF MARIANNE M. FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT**

105.    The averments of paragraphs 1 through 104 hereof are incorporated herein by reference as if textually set forth at length.

106.    The acts, failures to act, practices and policies of Defendants as set forth above, towards Plaintiff, A. Bradley Flickinger, have adversely affected his marriage and his wife, Marianne M. Flickinger, resulting in a loss of consortium to her great detriment under Pa. R.C.P. 2228.

### COUNT TEN - APPEAL AND MANDAMUS ACTION

**PLAINTIFF, A. BRADLEY FLICKINGER V. DEFENDANTS, LEBANON SCHOOL DISTRICT, and MARIANNE T. BARTLEY, PETER N. PYLES, JR., MICHAEL J. KUHN, DEBRA L. BOWMAN, MYRA A. KITCHEN, ROSE MARIE R. KOTAY, MARIA MELUSKY DISSNINGER, THOMAS L. SCHAFFER, ALFERD A BRANDT, JR. and, JOHN P. SCHOTT**

107.    Paragraphs 1 through 106 hereof are incorporated herein by reference as if textually set forth at length.

108.    Because Defendant, Lebanon School District failed to hold any Loudermill hearing, issue a Statement of Charges, or issue a Notice of Hearing and failed to conduct any hearings meeting due process requirements on Flickinger's dismissal, the

Defendants have waived any claim or defense that Flickinger failed to exhaust administrative remedies.

109.    Flickinger is entitled to a Mandamus Order against Defendant, Lebanon School District and Defendants, School Board that said Defendants immediately reinstate Flickinger in his position as Middle School Principal with full pay and benefits and immediately compensate Flickinger for all back pay, front pay and other lost benefits from September 17, 2004 onward.

110.    Because School Board Defendants have mixed both the prosecutorial and judicial functions and have engaged in conduct which has stigmatized Flickinger and eliminated any possibility of a fair and impartial hearing before the Lebanon School District School Board on the issue of Flickinger's termination, and has further created a situation with the appearance of bias, a Mandamus Order should be issued nullifying Flickinger's termination and directing the School Board and all Defendants that they may not terminate or suspend Flickinger's employment with Lebanon School District as Middle School Principal for any of the matters which are the subject matter of this Complaint.

111.    In the alternative, in view of the events referred to in this Complaint and the conduct of Defendants, the Pennsylvania Secretary of Education should be ordered to conduct a De Novo Hearing on the issue of the dismissal of Flickinger from employment with Lebanon School District, with a preservation of all issues and defenses Flickinger may have with respect to this matter.

112.    Flickinger hereby appeals the September 20, 2004 adjudication of the Lebanon School District dismissing him from his employment as Middle School Principal.

113.    Plaintiff, A. Bradley Flickinger, has no other adequate remedy at law.

WHEREFORE, Plaintiff, A. Bradley Flickinger, demands entry of judgment against Defendants directing the following:

(a) That Flickinger be immediately reinstated to his employment as the Lebanon School District Middle School Principal with full pay and benefits;

(b) That Flickinger shall be immediately compensated for all back pay, front pay and other lost benefits from September 17, 2004 onward;

(c) That the Lebanon School District and the School Board be prohibited from terminating or suspending Flickinger for any of the matters which are the subject matter of Flickinger's Complaint;

(d) Or, in the alternative, Defendants shall immediately reinstate Flickinger with full pay and benefits and compensate him for all back pay, front pay and other lost benefits and Defendants shall participate in a De Novo hearing before the Pennsylvania Secretary of Education, with a full preservation of all rights, issues and defenses on the part of Flickinger;

(e) That the adjudication by the Lebanon School District and its Board of School Directors be declared null and void or, in the alternative, that the filing of this Complaint shall serve as the legal equivalent of an Appeal from any such adjudication of termination;

(f) Flickinger be paid reasonable costs of litigation, expert fees, reasonable attorney's fees and other associated costs and expenses with respect to this matter; and

(g) Such other relief as your Honorable Court shall deem appropriate.

## **RELIEF**

114.     The averments of paragraphs 1 through 113 hereof are incorporated herein by reference as if textually set forth at length.

115.     Plaintiff, A. Bradley Flickinger, is entitled to reasonable costs of litigation, expert fees, reasonable attorney's fees and other associated costs and expenses which should be awarded against the Defendants and in favor of Plaintiffs.

WHEREFORE, according to the above claims, Plaintiffs respectfully request your Honorable Court grant in their favor against Defendants, Lebanon School District, and Marianne T. Bartley, Peter N. Pyles, Jr., Michael J. Kuhn, Debra L. Bowman, Myra A. Kitchen, Rose Marie R. Kotay, Maria Melusky Dissinger, Thomas L. Schaffer, Alfred A Brandt, Jr. and, John P. Schott and award Plaintiffs relief in excess of $100,000.00 including, but not limited to, the following:

(a)     Back pay and other benefits, prerequisites, and other compensation which Plaintiff, A. Bradley Flickinger, would have received had he remained the Middle School Principal of Lebanon School District, including, but not limited to, contribution to pension plans, medical insurance, dental insurance, life insurance, paid holidays, paid vacation and tuition assistance, etc;

(b)     Front pay and all other benefits, prerequisites and other compensation for employment in the event that it is determined that reappointment, as Middle School Principal is impossible or inappropriate;

(c)     Compensatory damages, including reimbursement of all expenses and financial losses Plaintiffs have incurred as a result of Defendants' actions and inaction;

(d)     Compensation for Plaintiff's resulting emotional pain and suffering, mental anguish, consequential physical injury and humiliation;

(e)     Compensation for the stigmatization of Flickinger, the damages to his professional reputation, the loss of pension rights and benefits, and the loss of his ability to work as a principal or administrator or other type of professional employee in the public school system of Pennsylvania;

(f)     Compensation for Plaintiff's wife's resulting loss of consortium, emotional pain and suffering, mental anguish and humiliation;

(g)     Punitive damages in an amount to be determined at trial;

(h)     All expert fees incurred as a result oft his suit;

(i)     Reasonable attorney's fees, plus litigation costs;

(j)     All records of the charges and allegations against Flickinger should be physically expunged from the School District records; and

(k)     Such other relief as your honorable Court shall deem appropriate.


BUZGON DAVIS LAW OFFICES


BY: /S/ HARRY W. REED, JR., ESQUIRE
        Harry W. Reed, Jr., Esquire
        Attorney ID #19205
        525 South Eighth Street
        PO Box 49
        Lebanon, PA 17042
        (717) 274 - 1421
        Attorney for Plaintiffs