ELECTRONICALLY FILED

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A. BRADLEY FLICKINGER, | : | 1:04-CV-2252 |
| AND MARIANNE M. FLICKINGER, | : | |
| His wife, | : | JUDGE CONNOR |
| PLAINTIFFS | : | MAG.  JUDGE SMYSER |
| | : | COMPLAINT FILED: |
| | : | OCTOBER 14, 2004 |
| | : | |
| v. | : | |
| | : | |
| LEBANON SCHOOL DISTRICT, | : | |
| MARIANNE T. BARTLEY, PETER N. | : | |
| PYLES, JR., MICHAEL J. KUHN, | : | |
| DEBRA L. BOWMAN, MYRA A. | : | |
| KITCHEN, ROSE MARIE R. KOTAY, | : | |
| MARIA MELUSKY DISSINGER, | : | |
| THOMAS L. SCHAFFER, ALFRED A. | : | |
| BRANDT, JR., AND JOHN P. SCHOTT, | : | |
| | : | |
| DEFENDANTS | : | |

1

## MEMORANDUM OF LAW IN SUPPORT OF
## THE SCHOOL DISTRICT DEFENDANTS'
## MOTION TO DISMISS PURSUANT TO
## F.R.C.P. 12(b)(1) and 12(b)(6)

The Defendants, above named, by and through their counsel, MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN, hereby submit the following Memorandum of Law in support of their Motion to Dismiss as follows.

## I.  PROCEDURAL HISTORY AND SALIENT FACTS

Plaintiffs filed a Complaint on October 13, 2004, alleging that Plaintiff, A. Bradley Flickinger's civil liberties and employment contract were violated when his employment was terminated by the Superintendent, Marianne Bartley, on September 17, 2004, and ratified by the Lebanon School District Board of Directors[1] on September 20, 2004.    Flickinger also alleges that he was defamed by publicity surrounding his termination, and consequently suffered emotional distress.  His wife alleges loss of consortium.

Plaintiff, A. Bradley Flickinger, also filed an Appeal of the aforesaid decision to the Department of Education, to Docket No. 6-04.

---

[1] The Lebanon School Board, as identified by Plaintiffs, are defendants: Peter N. Pyles, Jr., Michael J. Kuhn, Debra L. Bowman, Myra A. Kitchen, Rose Marie R. Kotay, Maria Melusky Dissinger, Thomas L. Schaffer, Alfred A. Brandt, Jr. and John P.  Schott.

On October 26, 2004, the School Board voted to reinstate Mr. Flickinger's employment, with full back pay and benefits.  An Order was subsequently issued by the Department of Education dismissing the appeal as moot.


## II.  STATEMENT OF QUESTIONS INVOLVED

1.    Whether Plaintiffs' constitutional claims should be dismissed for failure to state a claim upon which relief can be granted?

2.    Whether Plaintiffs' claims under the Pennsylvania School Code, Professional Employee Tenure Act, and for breach of contract and tenure should be dismissed for want of jurisdiction pursuant to F.R.C.P. 12(b)(1) and because those claims are moot, pursuant to F.R.C.P. 12(b)(6)?

3.    Whether Plaintiff's claims for defamation against Defendant Marianne Bartley should be dismissed for failing to state a claim upon which relief can be granted and alternatively because Superintendent Bartley is a high public official who enjoys absolute immunity from liability?

4.    Whether Plaintiffs' claims for emotional distress should be dismissed where Plaintiff has suffered no harm?

5.    Whether Plaintiff, Marianne M. Flickinger's claim for loss of consortium should be dismissed as a derivative cause of action subject to the viability of her husband's claims?

Suggested answers in the affirmative.


## III.  LAW AND ARGUMENT

In considering a motion to dismiss under Fed. R. Civ. P. 12(b), a court must take all well-pleaded facts in the complaint as true and view them in the light most

favorable to the plaintiff(s).  A complaint should be dismissed if it is clear that no

relief can be granted under any set of facts that could be proved consistent with the

allegations.  Montanye v. Wissachickon School District, et al., 2003 U.S. Dist.

LEXIS 15570, *rev'd, other grounds, 2004 U.S. Dist. LEXIS 4496 (E.D. Pa. Mar.

17, 2004)*.  Typically, when deciding a motion to dismiss, the court considers only

the allegations contained in the complaint, exhibits attached to the complaint, and

matters of public record.  City of Pittsburgh v. West Penn Power Co., 147 F.3d

256, 259 (3d Cir. 1998).   Documents that defendant attaches to the motion to

dismiss are considered part of the pleadings if they are referred to in the plaintiff's

complaint and are central to the claim.  Pryor v. NCAA, 288 F.3d 548, 560 (3d.

Cir. 2002).  See, also, Ania v. Allstate Insurance Company, et al., 161 F.Supp.2d

424, 2001 U.S. Dist. LEXIS 11619 (E.D. Pa. May 30, 2001) (documents that are

'integral to or explicitly relied upon in the complaint' may be considered 'without

converting the motion to dismiss into one for summary judgment'); accord,

Gramberg v. Nationwide Mutual Insurance Company, 2000 U.S. Dist. LEXIS

20108 (M.D. Pa Feb. 24, 2000) (the court may also properly consider any

'concededly authentic document upon which the complaint is based without

converting a motion to dismiss into a motion for summary judgment).   Moreover,

the court need not accept as true conclusory allegations of law, unsupported

conclusions, and unwarranted inferences.  Green v. Joy Cone Company, 278

F.Supp.2d 526, 2003 U.S. Dist. LEXIS 141836 (W.D. Pa. Aug. 21, 2003), *aff'd*, 2004 U.S. App. LEXIS 16612 (3d. Cir. Pa., Aug. 12, 2004).

**1.      Plaintiffs' constitutional claims should be dismissed for failure to state a claim upon which relief can be granted.**

Plaintiffs' claims of deprivation of their constitutionally-guaranteed civil liberties and right to procedural due process under the 5th and 14th Amendments to the U.S. Constitution and Art. 1, Sec. 1 of the Pennsylvania Constitution should be dismissed because Plaintiff, A. Bradley Flickinger, was made whole when his employment contract was reinstated on October 26, 2004 with the Lebanon School District together with full back pay and benefits.   Plaintiffs have suffered no damages as the result of the September 17, 2004 termination, and there is no further remedy or relief available.   Actions which *allegedly* deprive a person or his or her protected property interest will be upheld so long as the [state] satisfies the requirements of procedural due process.   <u>Nicholas v. Pennsylvania State University</u>, 227 F.3d 133, 140 (3d. Cir. 2000).

In this case, Plaintiff, A. Bradley Flickinger, should have withdrawn his Complaint filed on October 13, 2004 immediately after his contract was reinstated on October 26, 2004. Plaintiffs have therefore failed to state a claim for violation of Mr. Flickinger's constitutional rights against the District, the individual School Board defendants and Superintendent Bartley.

Moreover, and more critically, Plaintiffs have failed to state (official capacity) claims against the individual School Board members and Superintendent Bartley that are *legally distinct* from their claims against the School District. The real party in interest is the government entity and not the named official. Therefore, Plaintiffs' constituional claims against the individual School Board members and Superintendent Bartley, set forth in paragraphs 54-60, 61-65, 74-80, 98-104, 105-106, 107-113 should be dismissed. <u>Montanye v. Wissahickon School District, et al</u>, 2003 U.S Dist. LEXIS 15570, (*rev'd other grounds, 2004 U.S. Dist. LEXIS 4496)*, <u>citing</u>, <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 116 L. Ed. 2d 301, 112 S. Ct. 358 (1991); <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985); <u>Smith v. School District of Philadelphia</u>, 112 F.Supp.2d. 417, 425 (E.D. Pa. 2000).

   **2.     Plaintiffs' claims under the Pennsylvania School Code, Professional Employee Tenure Act, and for breach of contract and tenure should be dismissed for want of jurisdiction. F.R.C.P. 12(b)(1), and because Plaintiffs' claims are moot Pursuant to F.R.C.P. 12(b)(6).**

Plaintiffs' claim for mandamus must be dismissed because his contract of employment has been reinstated by the School District. Mandamus is an extraordinary writ which will issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a

corresponding duty in the defendant, and want of any other adequate and appropriate remedy.  <u>Shaler Area School Dist. v. Salakas</u>, 432 A.2d 165 (Pa. 1981).  In this case, it is undisputed that Mr. Flickinger's employment contract was reinstated thirteen days following the file of his Complaint.  <u>See</u>, <u>Exhibit "A",</u> (Order issued by the Office of the Secretary of Education, Commonwealth of Pennsylvania, dated November 4, 2004), attached to the Defendants' Motion to Dismiss.

Consequently, the mandamus claim must be dismissed because no further remedy is available to Plaintiff(s).

Moreover, Plaintiffs' breach of contract and breach of tenure claims must likewise be dismissed because there is no further remedy at law or equity available to Plaintiff, A. Bradley Flickinger, that could make him whole.  His contract of employment has already been reinstated and hence his tenure has not been interrupted.  Because the matter was brought before the Department of Education, and resolved at that level, the claim brought in Plaintiff's federal complaint is moot and should be dismissed.  <u>See</u>, <u>Jackson v. Centennial School District</u>, 501 A.2d 218 (Pa. 1985).

Furthermore, the doctrine of primary jurisdiction holds that where an agency has been established to handle a particular class of claims, the court should refrain from exercising its jurisdiction until the agency has made a determination  <u>Id.</u>,

citing, Elkin v. Bell Telephone Company of Pennsylvania, 420 A.2d 371 (Pa. 1980).    Such being the case, Plaintiff must first exhaust all administrative remedies available to him with respect to his Pa. School Code, Tenured Employee Act, breach of contract and tenure claims and the internal grievance procedure and/or due process procedure remains available to both parties to prosecute and adjudicate their issues.    Consequently, those claims are not properly before this Court and must be dismissed.

> **3.    Plaintiff's claims for defamation against Defendant Marianne Bartley should be dismissed for failing to state a claim upon which relief can be granted and alternatively because Superintendent Bartley is a high public official who enjoys absolute immunity from liability.**

The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541, et seq., grants to municipal agencies immunity from liability for all state law tort claims, unless the claim falls within one of  the following eight exceptions. Montanye, citing, Smith v. School District of Philadelphia, supra; Martin v. City of Philadelphia, et al, 2000 U.S. Dist. LEXIS 10242, No. 99-543, 2000 WL 1052150 (E.D. Pa. July 24, 2000):  (1) vehicle liability; (2) the care, custody and control of personal property; (3)  the care, custody and control of real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) the care, custody and control of animals.  42 Pa. C.SA. §8542.

A school district is a local agency within the meaning of the Tort Claims Act. Smith.   Defamation claims do not fall within any one of the eight exceptions and therefore, all claims in the nature of defamation alleged against Superintendent Marianne Bartley, must fail.  See, Plaintiff's Complaint at paragraphs 66-73, 81-87, and 88-97.

Moreover, Pennsylvania common law recognizes the doctrine of absolute immunity for high public officials for defamation.  Smith.  Official immunity is an unlimited privilege that exempts high public officials from lawsuits for defamation provided that the statements made by the official are made in the course of his official duties and within the scope of [her] authority.  Montanye, citing, Jackson v. Coatesville Area School District, 2000 U.S. Dist. LEXIS 11951, (E.D. Pa. Aug. 21, 2000); see, also, Matta v. Burton, 721 A.2d 1164 (Pa. Commonw. Ct. 1998).

Pennsylvania school superintendents, such as Dr. Bartley, qualify as high public officials for purposes of this doctrine.  Smith.  High public officials enjoy absolute immunity even when willful misconduct or actual malice is alleged. Lindner v. Mollan, 677 A.2d 1194 (Pa. 1996).

With respect to Plaintiff's 1985(3) action for conspiracy, the School Board Directors are likewise considered high public officials and enjoy the same absolute immunity from liability.  Zugarek v. Southern Tioga Sch. Dist. , 214 F.Supp.2d 479 (M.D. Pa. 2000).

No allegation within the Complaint suggests that Dr. Bartley and/or the Board members were acting outside the scope of their authority when the alleged defamatory statements were made. Such being the case, those claims against Defendants Bartley, Pyles, Kuhn, Bowman, Kitchen, Kotay, Dissinger, Schaffer, Brandt and Schott must be dismissed. See, Plaintiff's Complaint at paragraphs 61-65.

> **4.     Plaintiffs' claims for emotional distress should be dismissed for failure to state a claim upon which relief can be granted and where Plaintiff has suffered no harm.**

Plaintiffs' claims for intentional and negligent infliction of emotional distress must also fail for the reasons set forth above because these claims do not fall within any one of the eight exceptions to Political Subdivision Tort Claims. Moreover, the individual defendants are exempt from liability because the entity, i.e., the Lebanon School District, is the real party in interest. <u>Smith</u>. Furthermore, Plaintiff's employment contract was reinstated and was awarded full back pay and benefits. Consequently, he has suffered no harm as the result of the September 17, 2004 termination.

> **5.     Plaintiff, Marianne M. Flickinger's claim for loss of consortium should be dismissed as a derivative cause of action subject to the viability of her husband's claims.**

Mrs. Flickinger's loss of consortium claims must be dismissed as they fail as a matter of law.  Her claims are derivative to Mr. Flickinger's state law tort claims against Dr. Bartley and the School Board members, which themselves fails as a matter of law.  Moreover, a spouse has no right recovery for alleged civil rights violations of the other spouse.  Williams v. University of the  Sciences in Philadelphia, 2004 U.S. Dist. LEXIS 21799 (E.D. Pa., Oct. 27, 2004), citing, Hettler v. Zany Brainy, Inc., 2000 U.S. Dist. LEXIS 14537 (E.D. Pa. Sept. 27, 2000); Danas v. Chapman Ford Sales, Inc., 120 F.Supp.2d 478 (E.D. Pa. 2000); Quitmeyer v. Southeastern Pa. Transp. Auth., 740 F. Supp. 363 (E.D. Pa. 1990).

Consequently, Plaintiffs' loss of consortium claim must also be dismissed as against all Defendants.


IV.  CONCLUSION

For all of the foregoing reasons, Moving Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety; or in the alternative, that all constitutional claims be dismissed against all individual Defendants, and that the state law tort claims be dismissed against all Defendants.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN**

Date:11/23/04                    BY:___*Sharon M. O'Donnell/ss*___

SHARON M. O'DONNELL, ESQ.
Atty. I.D. 79457
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3503

## <u>CERTIFICATE OF SERVICE</u>

I, SHARON M. O'DONNELL, ESQ., hereby certify that I am the attorney for Defendants in the above-captioned matter; and that as such I have served a true and correct copy of Memorandum Of Law In Support Of The School District Defendants' Motion To Dismiss Pursuant To F.R.C.P. 12(B)(1) And 12(B)(6), on counsel for Plaintiff, Harry W. Reed, Jr., Esquire, at his offices located at 525 South 8th Street, Lebanon, Pennsylvania, 17042, on Tuesday, November 23, 2004, by U.S. Mail, First Class, postage prepaid, and by electronic means.

**MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN**

Date:  11/23/04                    BY:  *Sharon M. O'Donnell/ss*
                                            SHARON M. O'DONNELL, ESQ.
                                            PA Atty. I.D. #79457
                                            4200 Crums Mill Road, Suite B
                                            Harrisburg, PA  17112
                                            (717) 651-3503